## 34430. AMADEO v. THE STATE.

NICHOLS, Chief Justice.

Tony B. Amadeo appeals his conviction for the murder of James D. Turk, Sr., and the sentence of death imposed upon him for this offense. He also appeals his conviction for the offense of criminal attempt to commit

theft. This court affirms.

This is a companion case to *Conlogue v. State*, 243 Ga. 141 (253 SE2d 168) (1979).

1. The admission in evidence of his statement is enumerated by Amadeo as error, based upon a contention that the statement was not made voluntarily in that it was induced by hope of benefit. Code Ann. § 38-411. This court must accept the factual and credibility determinations of the trial court made after the Jackson-Denno hearing unless those determinations are clearly erroneous. *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974); *Pierce v. State*, 235 Ga. 237, 239 (219 SE2d 158) (1975).

During the Jackson-Denno hearing, Amadeo testified that one or perhaps both of the GBI agents who questioned him told him if he would give a statement, he or she would talk with the district attorney and Amadeo probably would get a lighter sentence. Amadeo was not positive in his testimony as to whether it was the male agent, or the female agent, or perhaps both, who made this offer, but he believed it was the female agent. The female agent testified with some equivocation both that she did not make any such statement and that she could not recall having made any such statement; and that she thought she had not done so. Each of the agents was out of the room during parts of the questioning. The issue made in this court by the parties relates alone to what the female agent either did or did not say. This court agrees with the trial court that these circumstances presented to the trial court a close question of whether or not Amadeo's statement was induced by hope of benefit. However, after careful consideration of the total circumstances, including Amadeo's own inconclusive testimony as to who made the alleged offer of benefit, this court concludes that the decision of the trial court to admit the statement was not clearly erroneous. The first enumeration of error is without merit.

2. Amadeo next complains of the admission of evidence of his participation with David L. Coulter and William S. Conlogue in a robbery-murder in Alabama. The three were absent without leave from the United States Marine Corps Base at Camp LeJeune, North

Carolina. They had been traveling together in Amadeo's automobile through Tennessee, Alabama and Georgia. The Alabama offenses were committed on September 28, 1977, and the Georgia offenses occurred at approximately 8:30 a.m. on September 29, 1977.

There was evidence from which the jury could have determined that the same three persons, using the same firearm and escaping in the same motor vehicle, had perpetrated the offenses in Alabama and in Georgia for the same reason—that is, to obtain money with which to continue their travels. The conditions of admissibility as set forth in *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976), are satisfied. The trial court charged the jury as to the limited purpose for which these similar crimes were being admitted—that is, to illustrate Amadeo's intent or state of mind—a purpose for which our decisions recognize an exception to the general rule against admissibility of evidence of other criminal activity. Code Ann. § 38-202. *Clemson v. State,* 239 Ga. 357, 360-361 (236 SE2d 663) (1977); *Thomas v. State,* 239 Ga. 734, 736 (238 SE2d 888) (1977); *Booker v. State,* 242 Ga. 773 (251 SE2d 518) (1979); *Burgess v. State,* 242 Ga. 889 (252 SE2d 391) (1979). The second enumeration of error is without merit.

3. Amadeo next urges that it was error for the trial court to charge Code Ann. § 26-1902, pertaining to armed robbery, because the indictment only charged criminal attempt under Code Ann. § 26-1001. The charge taken as a whole could not have harmed Amadeo. *Hilton v. State,* 233 Ga. 11 (2) (209 SE2d 606) (1974). The trial court explained this portion of the charge to the jury as follows: "Now let me say that he is not charged with the offense of armed robbery. He is only charged with the offense of criminal attempt and I only give you this pertinent portion of the code section which I have just cited in order to clarify to you the wording of count two in the indictment." The third enumeration of error is without merit.

4. Amadeo's fourth enumeration of error relating to jury composition is without merit as his challenge comes too late. *Goodwin v. Hopper,* 243 Ga. 193 (253 SE2d 156) (1979); *Harris v. Hopper,* 243 Ga. 244 (1979; *Holton v. State,* 243 Ga. 312 (1979). The case of *Barrow v. State,* 239

Ga. 162 (1) (236 SE2d 257) (1977), is to be distinguished from the present case in that Barrow's conviction and sentence had been set aside on appeal, after which he filed and pursued timely challenges to the arrays then brought his case back to this court by interlocutory appeal after denial of his challenges but *prior to trial and conviction.* Barrow did not take his chances with unchallenged grand and traverse juries then attempt to challenge the arrays after conviction, this being the trial tactic that is precluded by such decisions as Francis v. Henderson, 425 U. S. 536 (96 SC 1708, 48 LE2d 149) (1976) and *Goodwin v. Hopper,* supra. The fourth enumeration of error is without merit.

5.  Amadeo's fifth enumeration of error contends that the trial court erred in overruling his motion for new trial for the reasons stated in his previous enumerations of error. This enumeration of error is without merit for the reasons previously stated in this opinion.

*Sentence Review*

To authorize affirmance, the death sentence imposed in this case must conform to the standards set forth in Code Ann. § 27-2534.1. Those standards require this court to determine whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor; whether the evidence supports the jury's findings of statutory aggravating circumstances; and whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant, as required by Code Ann. § 27-2537(c)(1-3).

We have reviewed the trial transcript and record and have made a comparison of the evidence and sentence in similar cases pursuant to the mandate of the statute.

We conclude that the sentence of death imposed in this case was not imposed under the influence of passion, prejudice or any other arbitrary factor.

In recommending the death penalty, the jury found the following statutory aggravating circumstance: "That the offense of murder was committed while the offender was engaged in the commission of another capital offense, to wit: Armed Robbery." Code Ann. § 27-2534.1(b)(2).

The "while . . . engaged in the commission of"

requirement of that subsection does not require that the subject felony shall have been completed or that the offender shall have been charged with or convicted of the felony. In a pre-trial statement that was admitted into evidence, the appellant admitted that he and his two companions had been driving around, when they spotted a man in a brown pickup truck dumping trash into a dumpster. They turned around and came back, at which time the appellant got out of the back seat with his .22 automatic, walked up to the truck, and demanded money from the man. Appellant then shot the man. The man grabbed his chest, slid off the right side of the truck to the ground, and yelled for help. Appellant ran for the car and they departed. Amadeo was "engaged in the commission of another capital offense, to wit: Armed robbery" when he shot the victim. *Moore v. State,* 233 Ga. 861, 864 (213 SE2d 829) (1975).

The evidence supports the jury's finding of a statutory aggravating circumstance, and the verdict is factually substantiated.

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which death or life sentences were imposed. We find that the similar cases listed in the Appendix support the affirmance of the death penalty in this case. Tony B. Amadeo's sentence to death is not excessive nor disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1979 — DECIDED MAY 2, 1979 — REHEARING DENIED MAY 29, 1979.

*Garland, Nuckolls & Kadish, Mark J. Kadish, William M. Warner,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.

APPENDIX.

*House v. State,* 232 Ga. 140 (205 SE2d 217) (1974);

*Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Moore v. State,* 233 Ga. 861 (213 SE2d 829) (1974); *Mitchell v. State,* 234 Ga. 160 (214 SE2d 900) (1975); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Berryhill v. State,* 235 Ga. 549 (221 SE2d 185) (1975); *Goodwin v. State,* 236 Ga. 339 (223 SE2d 703) (1976); *Dobbs v. State,* 236 Ga. 427 (224 SE2d 3) (1976); *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8) (1976); *Gibson v. State,* 236 Ga. 874 (226 SE2d 63) (1976); *Corn v. State,* 240 Ga. 130 (240 SE2d 694) (1977); *Moore v. State,* 240 Ga. 807 (243 SE2d 1) (1978); *Davis v. State,* 241 Ga. 376 (247 SE2d 45) (1978); *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978); *Green v. State,* 242 Ga. 261 (249 SE2d 1) (1978); *Finney v. State,* 242 Ga. 582 (250 SE2d 388) (1978).

### ON MOTION FOR REHEARING.

Amadeo has changed counsel since his briefs were submitted. His new counsel urges that the trial court's charge during the sentencing phase of the proceedings fails to comply with the standards enunciated in *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977), *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977), *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978), *Burger v. State,* 242 Ga. 28 (247 SE2d 834) (1979) and *Holton v. State,* 243 Ga. 312 (1979).

Amadeo asserts, first, that the charge fails to make it clear to the jury that they could have recommended life imprisonment even though they might find beyond a reasonable doubt the existence of one or more statutory aggravating circumstances. Second, he contends that the trial court erroneously commented to the jury that Amadeo put up no evidence in mitigation.

The first ground is lacking in merit. The trial court furnished the jury with, and explained the use of, various forms of verdict, including one the jury could have used to indicate that although they had found one or more aggravating circumstances to have existed, they nonetheless recommended "mercy or that defendant's punishment be life imprisonment." Once again, the trial court charged the jury that "if you find an aggravating circumstance or circumstances, indicate whether you

recommend the death penalty or life imprisonment."

The second ground raised by Amadeo also is without merit. While paraphrasing the law pertaining to the presentence hearing, the trial court stated: ". . . the jury shall hear *additional evidence* and [sic] extenuation, mitigation and aggravation of the punishment, and you will recall that neither side did this. The state did not put up any aggravating circumstances or things to be considered; neither did the defendant put up any mitigating circumstances . . ." (Emphasis supplied.) Facially, this might appear to be error on the part of the trial court. Elsewhere, the court charged on the two aggravating circumstances relied upon by the state and that the jury could dispense mercy although one or more of these aggravating circumstances might have been found by the jury to have existed. However, the following exchange between the court and counsel in the presence of the jury puts any facial appearance of error to rest: "The court: All right. Now gentlemen, as you know, this brings us to the punishment phase. Mr. Briley, does the State have any aggravating circumstances that you would like to—I mean any evidence of aggravation that you would like to submit? Mr. Briley: We rely upon the evidence already submitted to the jury, Your Honor. The Court: All right, any evidence of mitigation that the defense would like to put in? Mr. Prior: No, sir, Your Honor."

The trial court did not charge that no evidence in aggravation or in mitigation was presented during the entire proceedings. Rather, in light of the transcript, the comment merely was made to remind the jury that no *additional evidence* was presented *during the sentencing phase*. The jury could not have been misled. The jury was authorized by the court's charge to recommend a life sentence or to dispense mercy whether or not they found one or more aggravating circumstances. We find no error.

*Motion for rehearing denied. All the Justices concur.*