Tony B. AMADEO, Petitioner-Appellee,

v.

Ralph KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent-Appellant.

No. 84–8485.

United States Court of Appeals, Eleventh Circuit.

Sept. 27, 1985.

Susan V. Boleyn, Asst. Atty. Gen. Atlanta, Ga., for respondent-appellant.

William M. Warner, Atlanta, Ga., for petitioner-appellee.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

### FACTS

Appellee, Tony B. Amadeo, is currently an inmate under sentence of death at the Georgia Diagnostic and Classification Center. Amadeo was indicted for the murder and armed robbery of James D. Turk. At trial, the prosecutor was prepared to present evidence of petitioner's involvement in a robbery and murder committed in Colbert County, Alabama during the night preceding the murder of James Turk. Amadeo had not been tried for either Alabama crime. Counsel for Amadeo moved in limine to exclude the "other crimes" evidence. The trial court overruled the motion, finding that the evidence was probative both as to Amadeo's identity as the perpetrator as well as motive. He was convicted in the Superior Court of Putnam County, Georgia for the offense of murder and for criminal attempt to commit theft. Amadeo received the death penalty for the charge of murder and a ten year sentence for the charge of criminal attempt to commit theft. The Supreme Court of Georgia affirmed appellee's convictions and sentences. *Amadeo v. State,* 243 Ga. 627, 255 S.E.2d 718 (1979). The United States Supreme Court denied certiorari. Appellee then filed a petition for writ of habeas corpus in the Superior Court of Putnam County, Georgia. After relief was denied, Amadeo filed an application for a certificate of probable cause to appeal to the Supreme Court of Georgia. This application was also denied. The Supreme Court again denied certiorari.

Amadeo then filed an application for federal habeas corpus in the District Court for the Middle District of Georgia raising all the grounds contained in his application for state habeas corpus relief, except for the claim that he received ineffective assistance of counsel because of the failure of his trial attorney to raise a challenge to the composition of the grand and traverse juries prior to appellee's trial. The district court dismissed the petition for the writ of habeas corpus without prejudice due to appellee's failure to exhaust his contentions concerning ineffective assistance of counsel.

Appellee then filed another state habeas corpus petition raising the contention of ineffective assistance of counsel due to the failure to challenge the jury composition. The superior court dismissed the petition as successive. Appellee then filed an application for a certificate of probable cause to appeal which was denied by the Georgia Supreme Court. Certiorari was again denied by the United States Supreme Court a third time.

Appellee then filed the second petition for federal habeas corpus relief in the United States District Court for the Middle District of Georgia. On May 17, 1984, after both petitioner Amadeo and the State of Georgia had briefed the contested issues, the district court entered an order granting federal habeas corpus relief, vacating appellee's conviction and sentence and directing that appellee be reindicted and retried.[1] The state filed a timely notice of appeal.

There are two issues on appeal in this case:

1. Whether the district court erred in concluding that the appellee had satisfied the "cause and prejudice" requirements so as to exempt him from the operation of the state procedural waiver rule requiring a timely challenge to the composition of a jury; and

2. Whether the district court erred in finding that the evidence of "other crimes"

---

1. Both Amadeo and the State agreed that an evidentiary hearing was not required.

admitted at appellee's trial denied him his right to a fundamentally fair trial.

Because it is necessary to remand this case to the district court for an evidentiary hearing on the first issue, we pretermit review of the second issue until the case is returned to us by the district court.

In his application for federal habeas corpus, Amadeo alleged the grand and petit jury list in Putnam County, Georgia, were unconstitutionally composed at the time of his indictment and trial, in violation of his due process rights under the Fifth and Fourteenth Amendments.

In an unrelated civil action in 1978, a federal court [2] had determined that the jury selection procedures employed in Putnam County were intentionally designed to underrepresent black citizens and women in an unconstitutional manner. *Bailey v. Vining*, Civ.Action No. 76–199–MAC (M.D.Ga. Aug. 15–17, 1978).

A timely jury challenge is required by Georgia law. *See* O.C.G.A. § 15–12–162. Failure to make a timely objection results in a waiver of the claim. A valid state procedural rule, resulting in a default, cannot be asserted in a federal habeas corpus petition without a showing of "cause and prejudice." *Wainwright v. Sykes*, 433 U.S. 72, 89–90, 97 S.Ct. 2497, 2507–2508, 53 L.Ed.2d 594 (1977).

The district court, recognizing the applicability of the "cause and prejudice standard," found that there had been no deliberate bypass in this case.[3] The district court stated:

Petitioner's failure to assert this issue at trial was not deliberate. Petitioner's counsel, looking at the statistics at the time of trial, was justified in assuming that an attack upon the jury would be futile. It was not until after trial, and after this court's decision in *Bailey*, that the inculpatory facts of how the Putnam County juries were composed came to light. Petitioner immediately asserted this claim on direct appeal to the Georgia Supreme Court, years before federal action was first filed. That court in its discretion declined to find sufficient cause under analogous state law to excuse the waiver. As a matter of constitutional law, this court is not bound by that decision, this court continues to be appalled by the manner in which the Putnam County Jury Commissioners upon suggestion of the prosecuting attorney recompiled the grand and petit jury lists to underrepresent blacks and females. To overlook this act of intentional underrepresentation—and hand selection of those blacks who did serve—on the basis of rule of procedure would indeed be a miscarriage of justice. Accordingly, this court finds that sufficient cause and prejudice exists to require this court also to grant the writ on the basis of a unconstitutionally composed grand and petit jury.

The state argues that the district court's finding of "cause and prejudice" should be reversed because Amadeo failed to make the necessary objection. Further, the state insists that the district court's reliance on *Bailey v. Vining* constituted an incorrect interpretation and application of the "cause and prejudice" standard. The thrust of the state's argument is that deliberate bypass is not the applicable standard, but rather the court should have inquired whether the facts or law underlying the defaulted claim were discoverable to Amadeo's attorney.[4]

As the district court correctly noted, the "cause" requirement for noncompliance

---

**2.** The district judge in that case, *Bailey v. Vining*, was the same district judge who heard and granted the instant habeas petition.

**3.** The district court stated, "the cause and prejudice test is designed to preclude argument of issues deliberately withheld at trial and first asserted in federal court—a tactic known as 'sandbagging.'" (citations omitted). "Where there has been no deliberate bypass, ..., and correction of the error is necessary to avoid a miscarriage of justice, the cause and prejudice test is satisfied." (citations omitted).

**4.** By analogy, the state makes use of the case of *Smith v. Kemp, supra*, in which the panel held that ignorance of recently decided Supreme Court cases regarding jury composition claims did not establish "cause."

with a state contemporaneous objection rule was designed to eliminate the possibility of "sandbagging" by defense lawyers, and to reduce the possibility that the federal court will decide a constitutional issue without the benefit of the state's views. *Sykes, supra,* 433 U.S. at 89–90, 97 S.Ct. at 2507–2508; *Ford v. Strickland,* 696 F.2d 804, 816 (11th Cir.1983) (en banc), *Smith v. Kemp,* 715 F.2d 1459, 1470 (11th Cir.1983). Cause sufficient to excuse a procedural default is designed to avoid a "miscarriage of justice." *Huffman v. Wainwright,* 651 F.2d 347, 351 (5th Cir. Unit B 1981), *Smith, supra,* 715 F.2d at 1470.

*Bailey v. Vining, supra,* was decided after Amadeo's conviction. Immediately after the district court decided *Bailey v. Vining,* appellee's counsel asserted this claim in his direct appeal to the Georgia Supreme Court, long before a federal habeas petition was ever filed. The Georgia Supreme Court, declined to find sufficient "cause" under state law to overcome the failure to make a timely challenge. *Amadeo v. State, supra,* 255 S.E.2d at 718. Despite the ruling of the Georgia Supreme Court, the district court determined that there was no "sandbagging" and that to overlook the intentional underrepresentation would "indeed be a miscarriage of justice."

As the Supreme Court has recently stated, "[b]ecause of the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur, this Court has not given the term 'cause' precise content." *Reed v. Ross,* — U.S. —, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984). The Court stated that counsel may not intentionally ignore state procedural rules, hold back constitutional claims, and then attempt to secure federal habeas relief. To allow such actions would undermine the policies of comity and finality beyond the

"cause and prejudice" requirement. *Id.* However,

> the cause requirement may be satisfied under certain circumstances when a procedural failure is not attributable to an intentional decision by counsel made in pursuit of his client's interests. And the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the requirement is met.

104 S.Ct. at 2909.

 In the final analysis, the decision whether to grant federal habeas corpus relief despite a state procedural default lies within a federal court's equitable discretion. *Reed, supra,* 104 S.Ct. at 2907. The state's interest in finality, standing alone, is not sufficient reason for a habeas court to compromise its protection of constitutional rights under § 2254. *Id.* at 2909.

In *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) the Court made clear that "cause" and "actual prejudice" are not rigid concepts. 102 S.Ct. at 1575. "In appropriate cases those principles [of comity and finality underlying the cause and prejudice requirement] must yield to the imperative of correcting a fundamentally unjust incarceration." *Id.* 102 S.Ct. at 1576. "[W]e are confident that victims of a fundamental miscarriage of justice will meet the cause and prejudice standard...." *Id.*[5]

The district court did not hold an evidentiary hearing on "cause and prejudice." Rather, based upon his knowledge of the jury selection system used in Putnam County due to the fact that he was the district judge in *Bailey v. Vining,* he found "cause and prejudice" and granted the writ. Neither Amadeo nor the state believed that an evidentiary hearing was necessary to decide the issue. Additionally,

---

5. In *Harris v. Spears,* 606 F.2d 639 (5th Cir. 1979), a panel of the former Fifth Circuit said that a determination of whether there was cause "turns on whether a finding of cause safeguards against a 'miscarriage of justice,' ... and wheth-

er it can be presumed that no strategic advantage can be gained from failure to comply with the procedural rule." *Id.* at 664 (citations omitted).

both parties fully briefed the issue of "cause and prejudice" in their respective briefs in support of the petition for the writ of habeas corpus and in the brief in support of the state's response.

■ Regardless of the parties failure to request a hearing, we remand the case to the district court for an evidentiary hearing on the issue of "cause and prejudice." The record in its present state is not sufficiently developed to allow us to properly review the claim. To fulfill the causation prong of the *Engle v. Isaac* test, it is necessary for petitioner to establish that the defects in the jury composition were not reasonably discoverable by his counsel and that the decision not to challenge the composition was not a deliberate bypass. To make the necessary judgment on this issue, it is necessary for the record below to reflect the nature of the system used to select grand and petit jurors in Putnam County for the time in question. There is reference in the court's opinion in *Bailey v. Vining, supra,* to a memorandum written by someone in the prosecutor's office to jury commissioners instructing them how to intentionally underrepresent blacks but yet minimize constitutional challenges. However, the reference is somewhat opaque and the defects the court found in the system are not specific. The specifics of the alleged unconstitutional method of selecting the jurors and whether this method was so devious and hidden as to be non-discoverable can assist the district court, and ourselves on review, to determine whether there was sufficient "cause" to excuse petitioner's procedural default.[6]

We retain jurisdiction of this case and remand to the district court for the limited purpose of that court conducting an evidentiary hearing to determine the causation issue heretofore described.

REMANDED.

---

6. There does not appear to be any dispute as to "prejudice." The state does not seem to contest the district court's finding that the jury selection procedures used in Putnam County at the time of Amadeo's trial were unconstitutional. Thus, "prejudice" would seem to be satisfied. The relevant issue appears to be the "cause" requirement.