Joe Billy TOLES, Petitioner–Appellant,

v.

**Mr. C.E. JONES (Warden) and the Attorney General of the State of Alabama, Respondents–Appellees.**

No. 88–7400.

United States Court of Appeals, Eleventh Circuit.

Oct. 13, 1989.

Michael L. Waldman, Fried, Frank, Harris, Shriver & Jacobson, Washington, D.C., for plaintiff-appellant.

Stacey S. Houston, Asst. Atty. Gen., PCR Section, Montgomery, Ala., for defendants-appellees.

Before HILL and COX, Circuit Judges, and SNEED *, Senior Circuit Judge.

PER CURIAM:

Joe Billy Toles appeals the district court's dismissal of his 28 U.S.C.A. § 2254 petition for the writ of habeas corpus. We affirm.

## I.

Following a jury trial in the circuit court of Etowah County, Alabama, Toles was convicted of murder and sentenced to life imprisonment without the possibility of parole. Toles, with the continuing assistance of court-appointed trial counsel, challenged on appeal the sufficiency of the evidence, the omission of a requested jury instruction regarding transferred intent, and the constitutionality of the application of the Alabama Habitual Felony Offender Act. The court of criminal appeals affirmed the conviction, *Toles v. State*, 484 So.2d 512 (Ala. Crim.App.1985), and denied rehearing. Subsequently, the Alabama Supreme Court denied Toles' petition for certiorari.

Toles' quest for collateral relief began with the filing of a *pro se* petition for a writ of error coram nobis. Therein, and in an amendment thereto, Toles set forth several grounds for relief, but did not contest in those pleadings the effectiveness of the assistance rendered by trial counsel. An attorney was appointed to represent Toles and, following an abbreviated evidentiary hearing, the court denied Toles' request for relief. This decision was appealed. On appeal, Toles argued that trial counsel's failure to present evidence relevant to Toles' mental condition rendered counsel's assistance ineffective. The state responded, arguing that the ineffective assistance claim could not properly be raised for the first time on appeal. The court of criminal appeals summarily affirmed the denial of the petition.

Toles then filed the petition for habeas corpus now in issue. In this *pro se* pleading, Toles makes three allegations of constitutional error, one of which is ineffective assistance of trial counsel.[1] The state's response to the petition alleges that the ineffective assistance claim has never been presented to a state court; accordingly, the state urged the district court to dismiss the petition without prejudice to enable Toles to exhaust his remedies in state courts. The magistrate to whom the matter was referred found that the ineffective assistance of counsel claim was exhausted since presentation of that claim to the state courts would be futile in light of Ala.R. Crim.P. 20.2(b), Alabama's second petition rule. This procedural default, therefore, barred further consideration of Toles' petition; it was adjudged that Toles could show neither cause nor prejudice. The magistrate's recommendation that the petition be dismissed was adopted by the district court despite Toles' objections. This appeal followed.

## II.

### A. *Exhaustion of State Remedies*

Congress has provided that a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective processes or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S. C.A. § 2254(b) (1977). The exhaustion requirement is not satisfied if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.A. § 2254(c) (1977). To protect the comity and federalism principles upon which the exhaustion requirement is based, federal courts initially must assess whether a claim which has never been presented in any state forum

---

* Honorable Joseph T. Sneed, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

1. Toles, on appeal, does not contest the district court's disposition of the other grounds for re-

lief asserted in the petition. We consequently deem those claims abandoned. *See, e.g., Roberts v. Wainwright,* 666 F.2d 517, 518 (11th Cir. 1982).

has been procedurally defaulted under state law such that a remedy is "unavailable" within the meaning of section 2254(c). *See Engle v. Isaac,* 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 1570–71 n. 28, 71 L.Ed.2d 783 (1982).

Toles' rebuttal to the state's assertion of non-exhaustion is two-fold. He argues initially that the ineffective assistance of counsel claim was presented to the state error coram nobis trial court during the evidentiary hearing. Having reviewed the written pleadings and the transcript of that hearing, we conclude that the district court did not err in finding that the ineffective assistance claim was not presented to the state court.

Our task then is to determine whether, under state law, Toles is procedurally barred from asserting his claim of ineffective assistance of counsel. *See Engle v. Isaac,* 456 U.S. at 125–26 n. 28, 102 S.Ct. at 1570–71 n. 28. This brings us to Toles' second argument. Toles candidly admitted in the court below, that the issue was procedurally defaulted. According to Toles, it would be futile to raise the issue in state court, given the omission of the claim as a basis for relief in his first coram nobis petition. The district court agreed; Toles would be barred from raising the issue in a second petition by an Alabama procedural rule.

■ Rule 20.2(b) of the Alabama Rules of Criminal Procedure provides:

The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.

Toles did not argue in the district court that the exception within this rule applied; rather, as mentioned above, he admitted that a second petition would be barred. On appeal, this silence on the relevance of the "good cause" and "miscarriage of justice" exceptions continues. Toles, in fact, does not challenge directly the district court's judgment that Rule 20.2(b) is applicable. Based on Toles' concessions in the district court, the absence of argument on appeal that good cause exists, and an independent review of the record, we agree with the district court's conclusion that Toles has exhausted available state remedies.

■ Toles requests, however, that the present petition be dismissed without prejudice in order to allow Alabama courts an opportunity to interpret, in the first instance, the rule barring second petitions. It is true, as Toles notes, that Rule 20.2(b) was recently codified; the effective date of the rule is April 1, 1987, approximately eight months prior to the date on which Toles' federal habeas petition was filed. *See* Ala.R.Crim.P. 20.2(c). As such, there is a paucity of jurisprudence interpreting the rule. The rule, however, is essentially a restatement of well-established Alabama common law, and its language is that of a former rule of the Alabama Supreme Court. *See McConico v. State,* 522 So.2d 331, 332 (Ala.Crim.App.1988); *McLeod v. State,* 415 So.2d 1232, 1233 (Ala.Crim.App. 1982) (quoting former Supreme Court Rule 50). *See also Waldon v. State,* 284 Ala. 608, 227 So.2d 122, 123 (1969) ("Even where other grounds are alleged in the second petition, this Court has held that in the absence of a petition containing cogent and compelling reasons why all the grounds relied upon were not included in the first petition for writ of error coram nobis, which has been heard and determined, this Court will not order the lower court to entertain or hear a second coram nobis petition relating to the same conviction."). Consequently, the district court could determine whether, under Rule 20.2(b), Toles was procedurally barred from raising the ineffective assistance of counsel claim in a second error coram nobis petition. As the Supreme Court has stated, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the

claim procedurally barred." *Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989). *See also Castille v. Peoples,* —— U.S. ——, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Teague v. Lane,* —— U.S. ——, 109 S.Ct. 1060, 1067–68, 103 L.Ed.2d 334 (1989). Dismissing this petition without prejudice to allow Toles to file a second error coram nobis petition clearly would be futile.

## B. *Procedural Default*

■ "A defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default." *Gates v. Zant,* 863 F.2d 1492, 1500 (11th Cir.1989) (*citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). Neither *pro se* litigants, *Alexander v. Dugger,* 841 F.2d 371, 374 n. 3 (11th Cir.1988), nor claims barred by a state's successive petition rule, *Presnell v. Kemp,* 835 F.2d 1567, 1577–78 (11th Cir.1988), are exempted from the cause and prejudice requirement. *Smith v. Newsome,* 876 F.2d 1461, 1464 (11th Cir.1989).

■ Before we review the district court's application of the cause and prejudice standard to Toles' state procedural default, we consider Toles' assertion that the state forgave his procedural default by failing to advance the argument in the court below. In certain circumstances, a state's plea of procedural default may come too late to bar consideration of the petitioner's constitutional claim. *Engle v. Isaac,* 456 U.S. at 124 n. 26, 102 S.Ct. at 1570 n. 26. For instance, in *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), a case cited by Toles, the applicability of the cause and prejudice requirement might have turned on an inter-

pretation of state law or the resolution of certain factual disputes. The Supreme Court refused, therefore, to consider the cause and prejudice issue in the first instance. *Id.* at 235 n. 1, 100 S.Ct. at 2127 n. 1. This case, however, does not involve the resolution of factual disputes and the state law is clear. Moreover, this case is closely akin to *Engle v. Isaac* wherein the Court refused to consider the petitioner's waiver argument because the petitioner admitted his procedural default, the lower courts evaluated that default, and the petitioner raised the waiver argument for the first time in the brief submitted to the Supreme Court. *Engle v. Isaac,* 456 U.S. at 124 n. 26, 102 S.Ct. at 1570 n. 26. Similarly, Toles admits his default, the district court performed the cause and prejudice analysis, and Toles failed to raise the waiver issue in the court below despite the opportunity to do so. For these reasons, we do not consider Toles' waiver argument,[2] but review the district court's conclusion that Toles showed neither cause for nor actual prejudice from the default.[3]

■ As cause for the procedural default of the ineffective assistance of trial counsel claim, Toles cites the inadequate assistance rendered by court-appointed coram nobis counsel. Toles alleges that counsel should have amended the *pro se* petition once it became clear that an ineffective assistance claim existed. Constitutionally ineffective assistance of counsel is cause for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 489–90, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). This argument presupposes that Toles has a constitutional right to counsel in a coram nobis proceeding. *See Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301–02, 71 L.Ed.2d 475 (1982). Since Toles had no constitutional right to coram nobis counsel, *see Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95

**2.** Because Toles' procedural default is intertwined so inextricably with his exhaustion argument, we conclude alternatively that the *Sykes* issue was fairly presented to the district court.

**3.** Although Toles did not address the cause and prejudice issue in his submissions to the magistrate, he did attempt to show cause and preju-

dice in the objections to the magistrate's recommendation filed prior to the district court's decision and, through counsel, in his appellate briefs. There is no impropriety, therefore, in the district court's consideration of the merits of the cause and prejudice issue, or in this court's review of that court's resolution of the issue.

**100**

L.Ed.2d 539 (1987), he cannot excuse a procedural default based upon ineffective assistance rendered by that counsel. *See Torna,* 455 U.S. at 587–88, 102 S.Ct. at 1301–02. The district court was correct, therefore, in concluding that Toles had no cause for the procedural default.

### III.

Because the only constitutional claim presently before the court was the subject of a state procedural default, the judgment of the district court dismissing the petition for the writ of habeas corpus is

AFFIRMED.