**Edward Eugene WHIDDON, Petitioner–Appellant,**

v.

**Richard L. DUGGER and Robert A. Butterworth, Respondents–Appellees.**

**No. 88–3593.**

United States Court of Appeals, Eleventh Circuit.

Feb. 20, 1990.

Edward Eugene Whiddon, pro se.

Lester Makofka, Jacksonville, Fla., for petitioner-appellant.

Richard Doran, Tallahassee, Fla., for respondents-appellees.

Before TJOFLAT, Chief Judge, and EDMONDSON, Circuit Judge, and HILL, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This case concerns the effect that a time limitation on state collateral relief has on the availability of federal habeas proceedings. Petitioner-appellant filed a petition for state collateral relief beyond the two-year time limit of Rule 3.850 of the Florida Rules of Criminal Procedure. We conclude that this late filing is a procedural default to which the usual rules apply: before we will consider petitioner's federal habeas claims, he must show cause for the default and prejudice from the alleged denial of his constitutional rights. We affirm the judgment of the district court.

Petitioner-appellant argues that, instead of the "cause and prejudice" standard set out in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), we should apply the more-favorable-to-petitioners "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and allow his federal petition to be considered on its merits.

Though limited by *Wainwright*, *Fay* remains law: deliberate bypass applies to "claims involving fundamental decisions

... such as the defendant's decision to plead guilty, waive his right to a jury trial, or take an appeal." *Presnell v. Kemp*, 835 F.2d 1567, 1577 (11th Cir.1988). Although certain decisions about trial and direct appeal are so fundamental as to allow a state prisoner to escape a state procedural default unless he deliberately bypassed the state procedure, we believe the decision to mount a collateral attack on a conviction is not fundamental to the criminal law process. "When the process of direct review ... comes to an end, a presumption of finality and legality attaches to the conviction.... The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391–92, 77 L.Ed.2d 1090 (1983). Florida's collateral remedies are also secondary to trial and direct appeal. *See McCrae v. State*, 437 So.2d 1388, 1390 (Fla.1983); *Coleman v. State*, 193 So.2d 699 (Fla.App.1967).

*Fay* involved a failure to take a direct appeal. The Supreme Court has repeatedly declined to apply the deliberate bypass test in contexts other than that in *Fay*. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Likewise, we decline to extend *Fay*. *See United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3d Cir.1982) (refusing to apply deliberate bypass to New Jersey's statute of limitations on collateral relief).

■ Petitioner bases his effort to show cause for his failure to file within the two-year period on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition. The factual and legal bases for his claim (ineffectiveness of counsel) were available during the pertinent two-year period. Because there is no right to legal counsel in collateral proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 107

S.Ct. 1990, 95 L.Ed.2d 539 (1987), poor advice about such proceedings from a state-provided lawyer or inmate law clerks will not establish petitioner's claim of "cause."

"A state's interest in regulating the work load of its courts and determining when a claim is too stale to be adjudicated certainly suffices to give it legislative jurisdiction to control the remedies available in its courts by imposing statutes of limitation." *Sun Oil Co. v. Wortman*, 486 U.S. 717, 108 S.Ct. 2117, 2126, 100 L.Ed.2d 743 (1988). Some limitation for state collateral relief might be so short that no petitioner could conceivably file a timely petition. We suppose petitioners in that case could show "cause" under *Wainwright*, and federal habeas relief would not be barred. We cannot say, however, that Florida's two-year limitation for commencing state collateral proceedings is unreasonable.[1] Two year limitations in civil proceedings are common, cutting off enforcement of valuable rights. *See* Fla.Stat.Ann. § 95.11(4) (West 1982 & Supp.1989); *see also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) (two-year statute of limitations applied to federal civil rights action). And unlike most civil actions, collateral relief proceedings are a secondary means of relief.

Most important, Florida's limitation period in no way suspends the federal writ of habeas corpus. Petitioner stands before us as if he had filed a timely 3.850 petition in which he failed to assert his ineffectiveness claim and was then barred by state law from having that claim considered in a successive state petition. *See Presnell*, 835 F.2d at 1580 (barring consideration of federal habeas petition). When a state prisoner seeking freedom fails to use reasonable state procedures to raise federal law claims, his continued incarceration is not due to a violation of the Constitution. Federal habeas relief still exists, but it does not apply to petitioner's circumstance because the incarceration is due to petitioner's failure to comply with state law. An "adequate and independent state ground"

---

1. We note that Florida provides an avenue for collateral relief even though it has no obligation to do so. *See Singleton v. Thigpen*, 847 F.2d 668, 671 n. 4 (11th Cir.1988).

bars consideration of petitioner's federal claim. *See Wainwright*, 433 U.S. at 87, 97 S.Ct. at 2506.

Because petitioner failed to show cause for his failure to comply with Florida's procedural rules, the district court properly dismissed his petition.[2]

AFFIRMED.

---

2. Despite the restraint provided by state procedural defaults and the "cause and prejudice" standard, federal courts can consider a state prisoner's habeas petition when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,*

477 U.S. at 496, 106 S.Ct. at 2649. That federal habeas relief remains available to this extent destroys the idea that the federal writ is suspended by state procedures. Nothing in this record convinces us that petitioner is actually innocent.