Anthony Demetrius **GOLSTON**, Petitioner–Appellant,

v.

**ATTORNEY GENERAL OF the STATE OF ALABAMA**, Respondent–Appellee.

No. 90–7384.

United States Court of Appeals, Eleventh Circuit.

April 2, 1991.

Rehearing and Rehearing En Banc Denied July 10, 1991.

John Richard Galvin, Birmingham, Ala., for petitioner-appellant.

James B. Prude, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before FAY and JOHNSON, Circuit Judges, and PECK *, Senior Circuit Judge.

FAY, Circuit Judge:

Appellant was convicted in an Alabama state court of child abuse, sexual abuse, and sodomy. The Alabama Court of Criminal Appeals affirmed his conviction, and subsequently denied his petition for rehear-

---

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designa-

ing. Three years after the Alabama Supreme Court denied his Petition for Certiorari, the appellant filed a petition for federal habeas corpus relief in the United States District Court for the Northern District of Alabama. No petition for collateral relief was ever filed by the appellant in state court. In his federal habeas petition, appellant for the first time raised the issue of ineffective assistance of counsel at trial. The district court denied appellant's petition on the ground that his ineffective assistance of counsel claim had been procedurally defaulted in state court because he had failed to timely file for post-conviction relief under the Alabama Rules of Criminal Procedure. The district court rejected appellant's claim that ineffective assistance of counsel served to fulfill the "cause" requirement of *Wainwright v. Sykes* for excusing state procedural default, because appellant had no constitutional right to counsel for the purpose of mounting a collateral attack upon his conviction. For the reasons that follow, we AFFIRM.

*Factual and Procedural History*

Appellant Anthony Golston was convicted on February 26, 1986, in Alabama state court on charges of child abuse, sexual abuse, and sodomy. He received three consecutive sentences for a total sentence of 119 years. The Alabama Court of Criminal Appeals affirmed Golston's conviction on November 12, 1986. On December 9, 1986, that same court denied his petition for rehearing. The Alabama Supreme Court denied a Petition for Certiorari on June 30, 1986. Golston never filed a petition for collateral relief in the Alabama state courts.

On September 14, 1989, more than three years after his conviction became final in the Alabama courts, Golston filed a petition for federal habeas relief in the United States District Court for the Northern District of Alabama. In his federal habeas petition, Golston for the first time raised the issue of ineffective assistance of counsel at trial. Adopting the recommendation

tion.

of the magistrate judge to whom the habeas petition had been assigned, the district court denied Golston's petition on the ground that his ineffective assistance of counsel claim had been procedurally defaulted in state court. Default was found in light of Golston's failure to file a petition for post-conviction relief, under Rule 20 of the Alabama Rules of Criminal Procedure, within the two year statute of limitations provided for by the Rule. The district court rejected Golston's argument that excuse for procedural default existed where his court-appointed trial attorney told him that post-conviction remedies would not help him. The district court held that ineffective assistance of counsel did not constitute "cause" to excuse procedural default, under the test of *Wainwright v. Sykes*, in light of the fact that Golston had no constitutional right to counsel for the purpose of mounting a collateral attack upon his conviction.

*Discussion*

Appellant Golston argues in his federal habeas petition that he received ineffective assistance of counsel at trial. His ineffective assistance claim was not raised on direct appeal, he maintains, because he was represented by trial counsel on appeal. Golston further asserts that he failed to petition for post-conviction relief within the applicable statute of limitations set forth in the Alabama Rules of Criminal Procedure, because trial counsel continued to represent him and had advised him in a letter that post-conviction relief would not help him. Golston reasons that the ineffective assistance of his trial counsel following his appeal constitutes cause to excuse his procedural default. Because his default was excusable, he concludes, the district court erred in denying his petition for habeas relief.

■ Preliminarily, we acknowledge that inasmuch as Golston was represented at trial and on appeal by the same counsel, it was not required that he raise the issue of inadequate counsel on direct appeal. This is the law of Alabama. It is well established that a defendant who is represented by different counsel at trial and on appeal must raise the issue of ineffective assistance of counsel on direct appeal. *See Jones v. State*, 484 So.2d 554, 556 (Ala. Crim.App.1985) (citing *Carroll v. State*, 462 So.2d 789, 790 (Ala.Crim.App.1984)). Where Golston was represented by the same counsel at trial and on appeal, however, that counsel could not be expected to raise his own ineffective assistance on appeal. Post-conviction relief was the only avenue, therefore, through which Golston could challenge the adequacy of his representation by trial and appellate counsel.

■ Rule 20 of the Alabama Rules of Criminal Procedure makes post-conviction relief available to any person who has been convicted of a criminal offense. Rule 20.1, Temp.A.R.Crim.P. (1987). One possible ground for post-conviction relief exists where "[t]he Constitution of the United States or of the state of Alabama requires a new trial, a new sentence proceeding, or other relief." Rule 20.1(a), Temp. A.R.Crim.P. Ineffective assistance of counsel claims have been recognized by the Supreme Court of Alabama as cognizable in Rule 20 petitions, under section 20.1(a). *Ex Parte Lockett*, 548 So.2d 1045, 1048 (Ala.1989). Thus, Golston's ineffective assistance of counsel claim was a proper subject for post-conviction relief under Rule 20.

Relief under Rule 20.1(a) is subject to a statute of limitations which prohibits the court from entertaining any petition for relief unless that petition is filed within two years after the issuance of the certificate of judgment by the court of criminal appeals. Rule 20.2(c), Temp.A.R.Crim.P. This two-year period does not begin to run before the effective date of the Temporary Rule 20, April 1, 1987. *Id.* Golston does not challenge the finding of the district court that he never filed a petition for Rule 20 relief within the applicable statute of limitations.[1] Acknowledging his state pro-

---

**1.** The Alabama Supreme Court denied Golston's petition for certiorari on June 30, 1986, so that his conviction had been final for more than two years before his federal habeas petition was filed on September 14, 1989. Even if the two year statute of limitations is computed from the

cedural default, he argues that such default was excusable. We disagree.

■ The district court correctly found that Golston failed to show "cause" for his procedural default under the two-part test set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Wainwright* held that a state prisoner who was barred by procedural default from raising a constitutional claim on direct appeal, could not litigate that claim in a federal habeas corpus proceeding without a showing of cause for and actual prejudice arising out of that default. *Id.; Engle v. Isaac*, 456 U.S. 107, 110, 129, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982) (reaffirming cause and prejudice requirement); *Card v. Dugger*, 911 F.2d 1494, 1517 (11th Cir.1990). "[I]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance.'" *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980)). Ineffective assistance of counsel, therefore, constitutes "cause" for procedural default under the *Wainwright* test. *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645; *Hollis v. Davis*, 912 F.2d 1343, 1347 (11th Cir.1990); *Card*, 911 F.2d at 1517.

■ Where no constitutional right to counsel exists, however, ineffective assistance of counsel cannot constitute cause to excuse procedural default. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 102, 112 L.Ed.2d 73 (1990). The Supreme Court has never established a constitutional right to counsel for prisoners mounting collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Whiddon*, 894 F.2d at 1267. Thus, "the right to appointed counsel extends to the first appeal of right, and no further." [2] *Finley*, 481 U.S. at 555, 107 S.Ct. at 1993. Because Golston had no constitutional right to counsel for the purpose of mounting a collateral attack upon his conviction therefore, his failure to timely file for state postconviction relief cannot be excused because of ineffective assistance of counsel. [3]

Finally, we note that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649. Appellant Golston has made no claim of actual innocence under *Murray*, and thus we need not reach that issue.

*Conclusion*

For the foregoing reasons, the order of the district court denying Anthony Gol-

---

effective date of Temporary Rule 20, that two-year period had expired by the time Golston filed his federal habeas petition.

**2.** *Finley* goes on to explain the rationale for the absence of a constitutional right to counsel in collateral proceedings, stating,

Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.

*Finley*, 481 U.S. at 556–57, 107 S.Ct. at 1994 (citations omitted).

**3.** Golston argues that his trial counsel continued to represent him following his appeal, and that counsel advised him in a letter that post-conviction relief would not help him. We sympathize with any defendant who might be misled by counsel into foregoing potential avenues of relief. Nevertheless, a defendant who has no constitutional right to counsel cannot be deprived of the effective assistance of counsel when his lawyer wrongly advises him. *See Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301–02, 71 L.Ed.2d 475 (1982) (per curiam) (where respondent had no constitutional right to counsel, he could not be deprived of effective assistance when his retained counsel failed to file a timely application for writ of certiorari).

ston's petition for habeas corpus is AFFIRMED.

JOHNSON, Circuit Judge, dissenting:

The majority has concluded that Golston has failed to demonstrate cause and prejudice to excuse his procedural bar. I believe the majority has misread the law of this Circuit. I therefore dissent.

Golston has never received an evidentiary hearing. We have held that when there is a factual dispute about the existence of cause and prejudice, an evidentiary hearing is warranted. *See Amadeo v. Kemp*, 773 F.2d 1141 (11th Cir.1985) (per curiam). Before awarding a petitioner an evidentiary hearing, we are obligated to "accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim." *Agan v. Dugger*, 835 F.2d 1337 (11th Cir.1987). If Golston's allegations could constitute valid cause, we are obligated to remand the case to the district court for an evidentiary hearing.

Golston makes several relevant allegations. Golston alleges that he failed to receive adequate legal assistance at his trial. He further alleges that the same lawyer who represented him at trial continued to represent and advise him during the period when he could have filed his application for state collateral review. Golston claims that this attorney advised him that he lacked any claims that could be brought in a state collateral review. Golston claims that he relied on this advice and therefore he failed to file a timely petition for state collateral review.

Golston claims that, based on these facts, we should excuse his procedural bar. Golston argues that his attorney should not be expected to recognize during state collateral review his ineffectiveness at trial. Assuming that Golston's allegations are true, he has demonstrated cause under our holding in *Stephens v. Kemp*, 846 F.2d 642 (11th Cir.1988). In *Stephens*, we found " 'cause' for petitioner's failure to raise the ineffective assistance issue in his first state habeas petition in the fact that petitioner's trial counsel, whose effectiveness [at trial was then being] challenged, also represented him in the first state habeas proceeding." *Id.* at 651.

The majority, however, chose to ignore the narrower question raised and answered by *Stephens* in order to reach the broader issue of whether ineffective assistance during collateral review could ever constitute cause to excuse a procedural default. This same question, complete with virtually the same set of case citations, was addressed by a panel of our Court in *Toles v. Jones*, 888 F.2d 95 (11th Cir.1989). The *Toles* opinion, however, was vacated and heard en banc last fall. *See Toles v. Jones*, 905 F.2d 346 (11th Cir.1990). The en banc Court has not yet issued an opinion and I question the wisdom of reaching this broader issue and stepping into the vacuum that currently exists.