CRAWLEY, Judge,
dissenting.
In Alabama, indigent parents have a statutory right to appointed counsel in a proceeding to terminate parental rights. See Ala.Code 1975, § 12-15-63(b); Valero v. State Dep’t of Human Resources, 511 So.2d 200, 202 (Ala.Civ.App.1987); Matter of Ward, 351 So.2d 571, 573 (Ala.Civ.App.1977). “[Ijnherent [in] a parent’s right to legal representation in a deprivation hearing is the right to effective assistance of counsel.” Crews v. Houston County Dep’t of Pensions & Security, 858 So.2d 451, 454 (Ala.Civ.App.1978).
I do not believe that, under most circumstances or under the circumstances of this case, a claim of ineffective assistance of counsel can reasonably be presented in a post-trial motion filed within 14 days of a judgment terminating parental rights. Cf. Ex parte Ingram, 675 So.2d 863, 866 (Ala.1996) (recognizing that, because a claim of ineffective assistance of trial counsel in á criminal casé “cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R.Crim. P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R.Crim. P., petition for post-conviction relief’).
Just as Rule 32, Ala. R.Crim. P., allows a collateral attack on a criminal conviction, see Symanowski v. State, 606 So.2d 171 (Ala.Crim.App.1992), Rule 60(b), Ala. R. Civ. P., permits a collateral attack on a civil judgment, see Evans v. Waddell, 689 So.2d 23, 31 (Ala.1997); Ex parte Oden, 617 So.2d 1020, 1027 (Ala.1992). Rule 32, Ala. R.Crim. P., is a post-conviction remedy routinely used to challenge a conviction based on the claimed ineffectiveness of counsel. See Golston v. Attorney General, *113 947 F.2d 908, 910 (11th Cir.1991). Similarly, Rule 60(b)(6) appears to be the appropriate vehicle for a parent claiming ineffective assistance of counsel to seek relief from a judgment terminating parental rights.
Because I think the trial court erred by treating the Rule 60(b) motions as motions for new trial pursuant to Rule 59, and by determining that they were untimely pursuant to Rule 1(B), Ala. R. Juv. P., I dissent. I would remand for a hearing on the merits of the Rule 60(b) motions.