**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALFORD RAY BRADLEY,

      Petitioner - Appellant,

v.

DAYTON POPPEL,

      Respondent - Appellee.

No. 99-6205
(D.C. No. 98-CV-1445)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

      Pro se petitioner Alford Ray Bradley seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed Bradley's petition as time-barred pursuant to 28 U.S.C. § 2244(d). Because we conclude that Bradley has not "made a substantial

---

      [*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

showing of the denial of a constitutional right," we decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

On August 16, 1985, Bradley pleaded guilty to first degree murder and was sentenced to life imprisonment. Bradley did not move to withdraw his plea or pursue a direct appeal; his first challenge to his conviction and sentence was an application for state post-conviction relief submitted on July 24, 1997. The state district court denied relief on September 12, 1997. Bradley did not appeal to the Oklahoma Court of Criminal Appeals ("OCCA") until October 22, 1997, and the OCCA dismissed his appeal as untimely.[1] On June 9, 1998, Bradley initiated a second application for state post-conviction relief, which the district court denied on July 23, 1998, and the OCCA affirmed on August 25, 1998. Bradley then filed his petition for a writ of habeas corpus in federal district court on October 16, 1998, pursuant to 28 U.S.C. § 2254.

The district court found Bradley's petition untimely under 28 U.S.C. § 2244(d). This provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). It

---

[1] Bradley also requested leave from the state district court to file an appeal beyond the deadline, but the district court denied this request on March 26, 1998, and the OCCA affirmed on May 12, 1998.

also provides for tolling of the time limit while "a properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). To avoid retroactivity problems, we allow habeas petitioners whose judgments became final before April 24, 1996, the effective date of AEDPA, to file their petitions before April 24, 1997. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). We apply the state court tolling provision of § 2244(d)(2) to this one-year grace period. See id. at 1226.

Because Bradley did not move to withdraw his guilty plea within ten days of his sentence, the sentence became final under Oklahoma law on August 26, 1985. See Rule 4.2(A), Rules of the Ct. of Crim. App., Okla. Stat. tit. 22, Ch. 18, App. Therefore, Bradley's one-year period of limitations under AEDPA began on April 24, 1996. See Hoggro, 150 F.3d at 1225-26. Bradley did not file for post-conviction relief until July 24, 1997, three months after the expiration of the statute of limitations. Bradley fails to raise any colorable claim that "the factual predicate of the claim or claims presented" could not "have been discovered through the exercise of due diligence," so as to trigger a later onset of the limitations period. 28 U.S.C. § 2244(d)(1)(D).

The one-year period of limitations can be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Bradley argues for equitable tolling due to the unavailability of trained law clerks to help him with his petition,

his ignorance of the law, and inadequate law library facilities. Because there is no right to legal counsel in collateral proceedings, <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987), the asserted unavailability of trained law clerks does not constitute "cause" for his failure to timely file his petition. See <u>Whiddon v. Dugger</u>, 894 F.2d 1266, 1267 (11th Cir. 1990). His "ignorance of the law" defense is also "easily rejected." <u>United States v. Capps</u>, 77 F.3d 350, 353 (10th Cir. 1996) (citing <u>United States v. Sherbondy</u>, 865 F.2d 996, 1001 (9th Cir.1988)). Bradley's conclusory allegation that prison library facilities were inadequate is also insufficient to justify equitable tolling. See <u>Miller</u>, 141 F.3d at 978 (refusing to apply equitable tolling where inmate "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Therefore, Bradley fails to establish cause for his untimely filing to justify equitable tolling of the AEDPA limitations period.

We conclude that Bradley has made no showing of the denial of a constitutional right and therefore DENY a certificate of appealability pursuant to 28 U.S.C. § 2253. This matter is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

- 4 -