[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 18-12845, 19-10960
Non-Argument Calendar

_____

D.C. Docket Nos. 6:18-cv-00316-JA-KRS; 6:08-cr-00176-JA-KRS-1

FRANK L. AMODEO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(November 30, 2020)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit
Judges.

PER CURIAM:

Frank Amodeo, a federal prisoner, appeals the denial of his motions to appoint counsel and for relief from the judgment. Amodeo sought the assistance of counsel to litigate a petition for writ of error coram nobis in which he challenged an order of forfeiture entered more than eight years earlier in a criminal proceeding. The district court dismissed Amodeo's petition as barred by laches and then denied his related motion to appoint counsel as moot. Later, the district court ruled that Amodeo failed to present an adequate reason to justify relief from the judgment. *See* Fed. R. Civ. P. 60(b). Amodeo has abandoned any challenge that he could have made to the dismissal of his petition by raising in his initial brief only arguments about the denial of appointed counsel. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). We affirm.

We review the denial of appointed counsel and relief from a judgment for abuse of discretion. *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) (counsel); *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1207 (11th Cir. 2014) (relief from judgment). Under that standard, "we affirm unless we determine that the district court applied an incorrect legal standard, failed to follow proper procedures in making the relevant determination, or made findings of fact that are clearly erroneous." *Lugo*, 750 F.3d at 1207. We can affirm for any reason supported by the record. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

2

The district court did not abuse its discretion by denying Amodeo's motions for appointed counsel and for relief from that judgment. Amodeo had "no constitutional right to coram nobis counsel," *Toles v. Jones*, 888 F.2d 95, 99 (11th Cir. 1989), nor did "the interests of justice or due process" require the district court to appoint him counsel, *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983); 18 U.S.C. § 3006A(a)(1). The Rules of Civil Procedure provide only for the appointment of a legal guardian, which Amodeo has already. *See* Fed. R. Civ. P. 17(c). Amodeo also was not entitled to the appointment of counsel by statute because he did not "seek[] relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). It would have been futile to appoint counsel to pursue a petition that Amodeo does not dispute is barred by laches. And Amodeo identified no extraordinary circumstance that merited relief from an order denying him appointed counsel more than eight months earlier. *See Lugo*, 750 F.3d at 1210; *see also* Fed. R. Civ. P. 60(c)(1) (requiring a Rule 60 motion be "made within a reasonable time").

We **AFFIRM** the denial of Amodeo's motions for counsel and for postjudgment relief.

3