Nollie Lee MARTIN, Petitioner–Appellant,

v.

Harry K. SINGLETARY, Secretary, Florida Department of Corrections, Respondent–Appellee.

No. 92–4411.

United States Court of Appeals, Eleventh Circuit.

May 11, 1992.

Richard H. Burr, NAACP Legal Defense Fund, New York City, for petitioner-appellant.

Carolyn M. Snurkowski, Asst. Atty. Gen., Office of the Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for respondent-appellee.

Before KRAVITCH, HATCHETT and EDMONDSON, Circuit Judges.

ORDER:

Petitioner–Appellant Nollie Lee Martin, convicted of murder and sentenced to death, appeals from a District Court order denying his Petition for Habeas Corpus. In this, his third federal habeas petition, Martin raised four claims:

1. The sentencer's consideration of the "especially heinous, atrocious, or cruel" aggravating factor at the penalty phase violated *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), and the Eighth and Fourteenth Amendments (the *"Maynard* claim");

2. The operation of Florida law restricted Martin's trial counsel's efforts to develop and present nonstatutory mitigating evidence in violation of *Hitchcock v. Dugger*, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), and the Sixth, Eighth, and Fourteenth Amendments (the *"Hitchcock* claim");

3. Martin was denied the competent assistance of a crucial mental health expert under *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) (the *"Ake* claim");

4. Martin's trial and sentencing proceedings were constitutionally defective due to the prosecution's deliberate and knowing presentation and use of false evidence and argument, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10

L.Ed.2d 215 (1967), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (the *"Brady/Giglio* claim").

The district court granted a Stay of Execution pursuant to 28 U.S.C. § 2251 on May 6, 1992, and held a hearing on May 7, 1992, to permit the parties a full opportunity to be heard on the issues raised by the petition. After hearing the evidence presented at oral argument, the District Court ruled that all four of Petitioner's claims for relief are either abusive or successive. Regarding the first three claims, the court found that Martin failed to include the *Maynard* challenge in either of his prior federal habeas petitions; that an essentially identical *Hitchcock* claim was raised in his second petition and adjudicated on the merits, *see Martin v. Dugger,* 686 F.Supp. 1523, 1527–28 (S.D.Fla.1988), *aff'd,* 891 F.2d 807 (11th Cir.1989); and that the *Ake* claim was raised in the 1984 petition and was adjudicated on the merits, *see Martin,* 84–8426–CIV–KING (Sept. 5, 1984 at 3), *aff'd,* 770 F.2d 918, 933 (11th Cir.1985). The court did not reach the merits of any of these claims because it found that Petitioner did not establish the cause or prejudice necessary to overcome the procedural bar to hearing a successive or abusive petition. *See McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The court further found that Martin failed to establish that he was "actually innocent" of the death penalty such that a denial of his petition would result in a fundamental miscarriage of justice. *See Johnson v. Singletary,* 938 F.2d 1166, 1183 (11th Cir. 1991) (en banc), *cert.* pending.[1]

As to the *Brady/Giglio* claim, included in the amended petition, the district court held that Martin had not shown excusable neglect for his failure to bring this claim in an earlier petition. Moreover, the court found that the letter discovered by Martin did not establish that the State had withheld evidence and did not establish that an "actually innocent" defendant was convicted or sentenced to death.

 For the reasons set out in the District Court's thorough and well-reasoned opinion, we agree that all four of the Petitioner's claims are abusive or successive and that Petitioner has not demonstrated the necessary cause or prejudice to overcome these procedural bars to review. Further, Petitioner has not established that he is actually innocent of his conviction or his sentence. This court concludes that the issues presented by the Petition for Writ of Habeas Corpus would not be debatable among reasonable jurists. *See Ritter v. Thigpen,* 828 F.2d 662, 667 (11th Cir.1987). Accordingly, Petitioner's motion for Certificate of Probable Cause is DENIED and the judgment of the District Court denying the Petition for Writ of Habeas Corpus is AFFIRMED.

Petitioner's Stay of Execution, entered Tuesday, May 5, 1992 is hereby extended until Tuesday, May 12, 1992, at 7:00 a.m. in order to enable the Petitioner to seek review in the United States Supreme Court.

---

**1.** The mandate in *Johnson* was stayed by order of this court on September 18, 1991, pending the filing of a petition for writ of certiorari in the United States Supreme Court. On December 3, 1991, the Clerk of the Eleventh Circuit was advised that the petition had in fact been filed. Following the usual practice in this court, the mandate in *Johnson* was then stayed pending the disposition of the application for certiorari. *See* F.R.App.P. 41(b).

Although the mandate in *Johnson* has not yet issued, it is nonetheless the law in this circuit. A mandate is the official means of communicating our judgment to the district court and of returning jurisdiction in a case to the district court. The stay of the mandate in *Johnson* merely delays the return of jurisdiction to the district court to carry out our judgment in that case. The stay in no way affects the duty of this panel and the courts in this circuit to apply now the precedent established by *Johnson* as binding authority. Thus, *Johnson* is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by this court sitting en banc. *See United States v. Machado,* 804 F.2d 1537, 1543 (11th Cir.1986).