[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15742
Non-Argument Calendar
_____

D.C. Docket Nos. 4:16-cv-00304-MW-CAS & 4:02-cr-00003-MW-CAS-1

DAVID JUNIOR UPSHAW,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 22, 2018)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

David Upshaw, a federal prisoner, is serving a total 329-month sentence after pleading guilty, under the pre-Booker[1] sentencing guidelines, to conspiracy to distribute and to possess with intent to distribute cocaine base, possession of a firearm during a drug trafficking crime, and possession of a firearm by a convicted felon. Upshaw appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. In his motion, Upshaw argued he was illegally sentenced both under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and as a career offender under United States Sentencing Guideline ("USSG") § 4B1.1, because his previous convictions for Florida burglary of a dwelling did not qualify as predicate offenses. The district court concluded that Upshaw's arguments were foreclosed by our decisions in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017) and In re Griffin, 823 F.3d 1350 (11th Cir. 2016) (per curiam). After careful review, we affirm.

I.

In 2002, Upshaw pled guilty to conspiracy to distribute and to possess with intent to distribute more than 500 grams of cocaine base; possession of a firearm during and in relation to a drug trafficking crime; and possession of a firearm by a convicted felon. Upshaw's presentence investigation report ("PSR") listed a number of prior convictions, including a 1995 Florida conviction for possession of

---

[1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

a controlled substance with intent to sell and two 1997 Florida convictions for burglary of a dwelling.  Based on these convictions, Upshaw qualified both as a career offender under USSG § 4B1.1 and for an enhanced sentence under ACCA.  But because of the large drug quantity at issue in his case, neither of those enhancements drove Upshaw's sentence.  In the end, Upshaw's guidelines range was 292 to 365 months, plus an additional mandatory minimum consecutive sentence of 60 months for his possession of a firearm by a convicted felon charge.  The sentencing court imposed a total sentence of 360-months imprisonment.

In 2008, Upshaw filed a motion for a sentence reduction based on an amendment to the sentencing guidelines that lowered the guideline range for certain offenses involving cocaine base.  The sentencing court agreed a reduction was appropriate, but noted Upshaw's sentence would now be based on his career offender and ACCA enhancements.  The court calculated Upshaw's new sentencing guideline range to be 262 to 327 months, plus the same mandatory consecutive 60-month sentence for his firearm possession charge.  The court sentenced Upshaw to a new total sentence of 329 months.

Upshaw filed his first 18 U.S.C. § 2255 petition in 2014, which the district court dismissed as untimely.  In 2016, Upshaw filed an application to file a second or successive § 2255 petition, which this Court granted.  Upshaw's application was based on the Supreme Court's decision in Johnson v. United States, 576 U.S. ___,

135 S. Ct. 2551 (2015).  He argued that his sentence had been unconstitutionally enhanced under ACCA.

The district court denied Upshaw's petition.  The court determined Upshaw's ACCA claim was foreclosed by this Court's recent decision in Beeman because Upshaw had not shown it was more likely than not that he was sentenced under the residual clause.  The district court also determined Upshaw's career offender claim failed because this Court's decision in Griffin held that Johnson did not invalidate the residual clause of the career offender provision of the mandatory guidelines.  Although it denied relief, the district court granted Upshaw a certificate of appealability on the following issues:

> 1) whether Petitioner must affirmatively show that the sentencing court relied on the ACCA residual clause; and 2) whether Johnson applies to the career offender provision of the pre-Booker Guidelines.

This appeal followed.

## II.

First, Upshaw argues that "despite a silent record" on whether his sentencing court relied on the residual clause, he "presented a cognizable claim" under Johnson.  Upshaw concedes that we are obligated to affirm the district court's decision based on the holding in Beeman, but he argues that Beeman was wrongly decided and should be overturned.

4

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error." Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008) (per curiam).  Under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court en banc. United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003).  The issuance or non-issuance of the mandate does not change this result.  See Martin v. Singletary, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (per curiam).

ACCA requires a sentence of at least 15 years if a defendant is convicted of being a felon in possession of a firearm and has three or more earlier convictions for a violent felony or a serious drug offense.  18 U.S.C. § 924(e)(1).  ACCA defines "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

Id. § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes" clause and the "residual clause."  See United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

In <u>Johnson</u>, the Supreme Court held that ACCA's residual clause was unconstitutionally vague. <u>Johnson</u>, 135 S. Ct. at 2557–58, 2563.

Under <u>Beeman</u>, a defendant bringing a <u>Johnson</u> claim in a § 2255 motion must "show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." <u>Beeman</u>, 871 F.3d at 1221–22. And "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." <u>Id.</u> at 1222.

Upshaw failed to show the sentencing court relied on the residual clause in applying his ACCA enhancement. He acknowledges that <u>Beeman</u> forecloses his claim for this reason. Although he argues <u>Beeman</u> was wrongly decided, it remains binding precedent in this circuit unless and until it is overruled. <u>See</u> <u>Brown</u>, 342 F.3d at 1246. The district court therefore properly denied Upshaw's ACCA claim.

### III.

Second, Upshaw argues that <u>Beckles v. United States</u>, 580 U.S. ___, 137 S. Ct. 886 (2017), suggests <u>Johnson</u> also renders the residual clause in the career offender provision of the pre-<u>Booker</u> guidelines unconstitutionally vague. Upshaw acknowledges that this Court ruled in <u>Griffin</u> that the mandatory guidelines are not

subject to vagueness challenges, but he argues that Griffin was wrongly decided and should be overturned in light of Beckles.  In addition, Upshaw says Griffin is not binding on him because it arose in the context of an application to file a second or successive § 2255 motion.

In Beckles, the Supreme Court held that the advisory guidelines are not subject to a vagueness challenge under the Due Process Clause.  Beckles, 137 S. Ct. at 895–96.  Beckles specifically left open the question of whether the pre-Booker mandatory guidelines are subject to a vagueness challenge.  See id.  But in Griffin, this Court held that "[t]he Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge."  Griffin, 823 F.3d at 1354–56.

The district court correctly denied Upshaw's career offender claim because his argument is foreclosed by Griffin.  Griffin is a published order denying an application to file a second or successive habeas petition, and this Court recently decided that such orders are binding precedent even outside of the context of second or successive habeas applications.  United States v. St. Hubert, 883 F.3d 1319, 1329 (11th Cir. 2018).  Upshaw argues that Griffin was wrongly decided, but again, prior panel decisions remain binding unless and until they are overruled.  See Brown, 342 F.3d at 1246.  While Beckles specifically left open the question of

Johnson's application to the pre-Booker mandatory guidelines, that does not mean that the Supreme Court has overruled our precedent answering that question.

Upshaw also claims he is entitled to a resentencing even if this Court only overturns his ACCA sentence but leaves his career offender designation intact. Because we affirm both Upshaw's ACCA sentence and his career offender designation, we need not reach this question.

**AFFIRMED.**

8