[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12957
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22585-RNS,
1:14-cr-20130-RNS-1

ANTRON DEMOND EDWARDS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 2, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Antron Demond Edwards appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate his sentence.  On appeal, Edwards argues that his sentence

was unconstitutionally enhanced under the Armed Career Criminal Act (ACCA) in light of *Johnson v. United States*, 576 U.S. ___,135 S. Ct. 2551 (2015), which held that the ACCA's residual clause was void for vagueness.  After careful review of the parties' briefs and the record, we affirm.

## I.

We review the legal conclusions in the denial of a motion to vacate under 28 U.S.C. § 2255 de novo and the findings of fact for clear error.  *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).  We may affirm on any ground supported by the record, regardless of the ground stated by the district court. *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017).[1]

## II.

Under the ACCA, a defendant faces a 15-year mandatory minimum sentence if he is convicted of being a felon in possession of a firearm or ammunition following three prior felony convictions for a "violent felony" or a "serious drug offense," or a combination of both.  18 U.S.C. § 924(e)(1).  The term "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year" that: "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause), or "is burglary, arson, or

---

[1] The mandate in *Beeman* has not yet issued, but it is still the law of this circuit.  *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (per curiam); 11th Cir. R. 36 I.O.P. 2 ("Under the law of this circuit, published opinions are binding precedent.  The issuance or non-issuance of the mandate does not affect this result.").

extortion, [or] involves use of explosives" (the enumerated-offenses clause). *Id.* at § 924(e)(2)(B). Before *Johnson*, "violent felony" also included an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.*; *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2563.

We held in *Beeman* that to prove a *Johnson* claim, a movant must establish that his sentence enhancement turned on the validity of the residual clause, such that he would not have been sentenced as an armed career criminal absent the existence of the residual clause. *Beeman*, 871 F.3d at 1221. We explained that a movant meets his burden only if (1) the sentencing court relied solely on the residual clause to qualify a prior conviction as a violent felony, as opposed to also or solely relying on either the enumerated-offenses clause or elements clause, and (2) there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony or a serious drug offense. *Id.* We further held that, to carry his burden of proof, a § 2255 movant asserting a *Johnson* claim must show that—more likely than not—it was the sentencing court's use of the residual clause that led to its enhancement of his sentence. *Id.* at 1221–22.

## III.

The district court did not apply the proper standards when assessing Edwards's *Johnson* claim because it did not have the benefit of our ruling in

*Beeman*.[2]  Nevertheless, the *Beeman* issue has been fully briefed on appeal and neither party requests a remand for reconsideration of Edwards's § 2255 motion in light of *Beeman*.  Under *Beeman*, Edwards cannot carry his burden of proving that he was sentenced under the ACCA's residual clause because nothing in the record shows that the sentencing court relied on the residual clause in concluding that his Florida arson conviction qualified as an ACCA predicate and Edwards has cited no precedent from the time of sentencing showing that Florida arson qualified only under the residual clause.

**AFFIRMED.**

---

[2] Because the government therefore had no opportunity to raise the *Beeman* issue in the district court, we can consider it in on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004) (explaining that one exception to the general rule that we will not consider arguments in the first instance occurs if the argument could not have been raised in the district court).