[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13277

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARIUS PENNINGTON,
a.k.a. Derrick Harris,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00455-WMR-RDC-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Darius Pennington appeals his total sentence of 210 months' imprisonment for possession of a firearm as a convicted felon and possession of a controlled substance with intent to distribute. Pennington argues that the district court erred in determining that his prior 2013 Georgia convictions for possession with intent to distribute marijuana and possession with intent to distribute cocaine were "controlled substance offenses" for purposes of the Sentencing Guidelines career-offender enhancement. After careful review, we affirm.

## I.    Background

In 2022, a jury convicted Pennington of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1); and possession with intent to distribute at least 100 grams of a mixture containing a detectable amount of heroin and less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(D) and 18 U.S.C. § 2 (Count 2).[1]

The presentence investigation report ("PSI") indicated that Pennington qualified as a career offender under the Sentencing Guidelines because (a) the instant offense was a controlled

_____

[1] We do not discuss the details of the underlying offense conduct because Pennington challenges only his sentence on appeal.

substance offense, and (b) he had at least two prior convictions for controlled substance offenses—namely, a 2013 Georgia conviction for possession with intent to distribute cocaine and possession with intent to distribute marijuana, and a 2013 Georgia conviction for possession with intent to distribute marijuana.[2]

Pennington objected to the application of the career offender enhancement, arguing that his prior Georgia drug convictions did not qualify as controlled substance offenses because the Georgia statute criminalizing these substances was overbroad compared to the Federal Controlled Substances Act ("CSA"). The district court determined that the career-offender enhancement applied, concluding that, for purposes of the career-offender enhancement, when dealing with prior state convictions, the court looked to whether the crimes were a drug offense under state law and that no comparison with the federal drug schedules was necessary. Accordingly, the district court determined that Pennington was a career offender, and it sentenced him to a total

---

[2] A defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

of 210 months' imprisonment to be followed by 8 years' supervised release.  This appeal followed.

## II.    Discussion

Pennington argues that the district court erred in applying the career-offender enhancement because a prior state drug conviction should trigger the career-offender enhancement only if the substance in question is also controlled under the federal CSA. However, Pennington acknowledges in his reply brief, that while this case was pending, we rejected this identical argument in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024).  Nevertheless, he argues that *Dubois* is not yet binding because the appellant filed a petition for rehearing en banc, which was still pending at the time of briefing in this case.  Alternatively, he argues that under *Dubois* he prevails because, even if we look to state law to define controlled substances, Georgia law no longer defines marijuana as a controlled substance, and, therefore, he does not have two qualifying predicates for purposes of the enhancement.  His arguments fail.

We review *de novo* whether a prior conviction qualifies as a "controlled substance offense" for purposes of the Sentencing Guidelines. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).  At the time of Pennington's sentencing, the 2021 Sentencing Guidelines defined a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export,

> distribution, or dispensing of a controlled substance
> . . . or the possession of a controlled substance . . .
> with intent to manufacture, import, export,
> distribute, or dispense.

*Id.* § 4B1.2(b).[3]

While this case was pending, we rejected the argument that a comparison is required between the state offense and the federal CSA when determining whether a prior state drug conviction qualifies as a controlled substance offense under the guidelines. *Dubois*, 94 F.4th at 1296–98. Instead, we held that, consistent with the text of § 4B1.2, "state law defines which drugs qualify as a 'controlled substance' if the prior conviction was under state law, and federal law defines which drugs qualify as a 'controlled substance' if the prior conviction was under federal law." *Id.* at 1296 (emphasis omitted). In other words, for prior state drug convictions, "controlled substance offenses" are defined by reference to the relevant state's drug schedules, "even if federal law does not regulate that drug." *Id.*

Additionally, in *Dubois*, we held that in determining whether a prior state conviction qualifies as a controlled substance offense, courts must look to state law and state drug schedules at the time of the prior state conviction, rather than to the law at the time of the underlying federal offense that triggered the guidelines

---

[3] This definition remains in the 2023 Guidelines Manual, but the Sentencing Commission expanded it to also include "an offense described in 46 U.S.C. § 70503(a) or § 70506(b)." *See* U.S.S.G. § 4B1.2(b) (2023).

enhancement. *Id.* at 1298. Thus, Pennington's argument that his marijuana conviction should not qualify because under current Georgia law marijuana is no longer considered a controlled substance necessarily fails. *Id.* Accordingly, *Dubois* forecloses Pennington's claim, and the district court did not err in finding that Pennington had two prior qualifying convictions for controlled substance offenses for purposes of the career offender guideline.[4]

**AFFIRMED.**

---

[4] As for Pennington's contention that *Dubois* does not foreclose his claim because the appellant in *Dubois* had filed a petition for rehearing en banc, we note that we have since denied that petition. Nevertheless, even if that petition for rehearing was still pending, *Dubois* would still be binding precedent that would foreclose Pennington's claim. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (explaining that, in this circuit, published opinions constitute binding precedent and the issuance or non-issuance of the mandate in a case does not affect the validity or binding nature of the precedent).