**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS HORTON,

     Petitioner-Appellant,

v.

STEPHEN W. KAISER,

     Respondent-Appellee.

No. 99-6285

(D.C. No. CIV-99-62-T)
(W.D.Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Thomas Horton, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus on statute of limitations grounds.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Because we conclude Horton has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

## I.

On November 3, 1994, Horton pled guilty in the District Court of Comanche County, Oklahoma, to one count of second degree burglary, after former conviction of two or more felonies. He was subsequently sentenced on December 16, 1994, to life imprisonment. Horton filed a pro se notice of appeal in the Oklahoma Court of Criminal Appeals (OCCA) on January 26, 1995. The OCCA dismissed the appeal on August 15, 1996, concluding Horton waived his right to appeal by failing to timely file a motion to withdraw his guilty plea.

Horton filed an application for post-conviction relief in state district court on July 31, 1996. The state district court denied the application on May 7, 1997. Horton appealed and, on August 12, 1997, the OCCA affirmed the denial of the application.

Horton filed his federal habeas petition on January 14, 1999. The district court, acting upon a report and recommendation issued by a magistrate judge, dismissed Horton's petition as untimely. The district court subsequently denied Horton's request for a certificate of appealability, as well as his motion to proceed in forma pauperis on appeal.

II.

On April 24, 1996, Congress amended what had been "the long-standing prior practice in habeas corpus litigation that gave a [state] prisoner virtually unlimited amounts of time to file a habeas petition in federal court," and "established a one-year period of limitations for [federal] habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1224 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to April 24, 1996, however, the new "one-year statute of limitations does not begin to run until April 24, 1996." Hoggro, 150 F.3d at 1225; United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997).

The one-year period of limitations can be tolled by ongoing post-conviction litigation in state court. See Hoggro, 150 F.3d at 1226. In particular, 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year period of limitation. We have also indicated the one-year period of limitations "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert.

3

denied, 119 S.Ct. 210 (1998).

Here, a review of the record on appeal demonstrates, without question, that Horton's federal habeas petition was untimely. Because Horton did not move to withdraw his guilty plea within ten days of his sentence, his conviction and sentence became final under Oklahoma law on December 26, 1994. See Rule 4.2(A), Rules of the Ct. of Crim. App., Okla. Stat. tit. 22, Ch. 18, App. Therefore, his one-year period of limitations under the AEDPA began running on April 24, 1996. The period was tolled from July 31, 1996, when Horton filed his application for post-conviction relief in state district court, until August 12, 1997, when the OCCA affirmed the denial of his application. From that point forward, the period of limitations was running and effectively expired on May 5, 1998, well prior to the filing of Horton's federal habeas petition.

Although Horton argues for an indefinite period of equitable tolling, we agree with the district court that none of his proffered reasons justify such a result. First, because there is no right to counsel in collateral proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), the unavailability of counsel or other "trained persons" to assist him does not constitute proper "cause" to justify his failure to file a timely petition. See Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir. 1990). Likewise, Horton's alleged ignorance of the AEDPA's one-year time limitation does not constitute sufficient cause to warrant invocation of

4

equitable tolling principles.  See Miller, 141 F.3d at 978 (concluding that petitioner's lack of awareness of AEDPA limitation period did not warrant equitable tolling); cf. Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991) (holding that "pro se status and . . . corresponding lack of awareness and training on legal issues do not constitute adequate cause" for failure to raise an issue in a previous habeas petition).  Lastly, the alleged lack of adequate library facilities does not constitute cause, at least where, as here, the petitioner has not otherwise demonstrated due diligence in pursuing his federal habeas claims.  See Miller, 141 F.3d at 978 (refusing to apply equitable tolling where inmate "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

We GRANT the motion to proceed in forma pauperis, DENY the application for certificate of appealability, and DISMISS the appeal.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5